UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PETER THOMSON,

        Plaintiff,

v.

ALFRED JONES, *et al.*,

        Defendants.
                              /

Case No. 1:11-cv-1287

Hon. Gordon J. Quist

**REPORT AND RECOMMENDATION**

This is a civil rights action brought by a state prisoner incarcerated by the Michigan Department of Corrections ("MDOC") pursuant to 42 U.S.C. § 1983. This matter is now before the court on a motion for summary judgment filed by defendant Labarre (docket no. 26), a motion to dismiss or for summary judgment filed by defendant Corizon, Inc. (f/k/a/ Correctional Medical Services, Inc.) (docket no. 34), a motion for dismissal or for summary judgment filed by defendants Deeren and Jones (docket no. 38) and plaintiff's "Amended motion for voluntary dismissal of CMS and request for replacement of CMS with "MDOC & Agents" as defendant (docket no. 46).

**I.    Background**

Plaintiff filed this action in the United States District Court for the Eastern District of Michigan. *See* Compl. (docket no. 1). The action was transferred to the Western District, where the court granted plaintiff's request to proceed *in forma pauperis* and ordered service of the complaint. *See* Orders (docket nos. 4, 7 and 8). Plaintiff's complaint named the following defendants: Alfred Jones, administrative assistant for the MDOC's Southern Region Health Care Unit; RN Bryan Deeren; RN Jody LeBarre; and Correctional Medical Services (CMS). Amend.

Compl. at p. 1 (docket no. 22); Attachments to Amend. Compl. (docket no. 22-3 at pp. 16-18). Plaintiff's complaint also names four "unknown" defendants: "TLC doctors"; "Duane Waters Health Care doctor"; "Van Buren County Jail doctor"; "Kalamazoo doctor (sent by Van Buren doctor)." *Id.* Plaintiff has yet to identify the unknown defendants.[1]

Plaintiff filed an amended complaint against defendants on March 22, 2012. *See* Amend. Compl. (docket no. 22). In his amended complaint, plaintiff claims that defendants were deliberately indifferent to his serious medical needs "resulting in the blindness of his left eye." Amend. Compl. at p. 14. He sets forth the following facts. On or about March 20, 2010, plaintiff experienced blurry vision while at the Van Buren County Jail. *Id.* at p. 5. On or about April 10, 2010, plaintiff saw a doctor at the jail. *Id.* On or about April 12-17, 2010, Van Buren County sent plaintiff to a specialist in Kalamazoo, who diagnosed plaintiff with a virus, gave him two medications and advised plaintiff that he should see results from the medications (eye drops) within three days. *Id.* The eye pain worsened over the next three days and plaintiff experienced headaches. *Id.* Another appointment was made with the specialist in Kalamazoo for April 21, 2010, but plaintiff was unable to attend it because he was transferred to the Charles Egeler Reception and Guidance Center in Jackson, Michigan. *Id.* Three days later plaintiff's "eyesight went black in his left eye." *Id.* On May 14, 2010, a nurse sent plaintiff to the Duane Waters Health Center, where a doctor saw blood in his eye and thought he might have an infection. *Id.* Plaintiff was sent to Jackson TLC, "a subcontract generalized health care facility." *Id.* at p. 6. The health care personnel at TLC "wanted to operate" on plaintiff's eye. *Id.* Plaintiff was transferred to Ionia Correctional Facility (ICF). *Id.* Plaintiff was sent back to Jackson TLC at least three times. *Id.* On August 12, 2010, plaintiff had

---

[1] As of the date of this report, the four unknown defendants have not been served.

surgery performed at TLC, where he was told by a doctor that there was a torn retina in his eye. *Id.* Plaintiff kited and spoke to a doctor at ICF to get more help "to no avail." *Id.* At this time, plaintiff was still in pain and "totally blind in his left eye." *Id.*

Plaintiff contends that because of his loss of eyesight, he is a disabled individual under the Americans with Disabilities Act (ADA). *Id.* Because of this disability, along with his lack of a GED or high school diploma, plaintiff contends that the MDOC's failure to assist him in writing grievances, and to provide him with accommodations, is a *prima facie* violation of his constitutional rights. *Id.* It would appear that plaintiff is alleging a claim against the MDOC under Title II of the ADA, which provides that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. *See generally, Mingus v. Butler*, 591 F.3d 474, 481-84 (6th Cir. 2010) (discussing Title II of the ADA in the context of prisoner litigation). Plaintiff has apparently included these allegations regarding the ADA to explain why he failed to properly exhaust his administrative remedies to Grievance Nos. ICF 1007-1827-12E1 (no. 1827) and No. ICF 2011-02-0451-12Z3 (no. 451). *Id.* at pp. 7-8.[2]

Plaintiff's amended complaint listed the following claims: deliberate indifference to his medical needs for failing to provide an immediate response to his vision problems and

---

[2] Plaintiff's amended complaint does not identify any particular MDOC employee who failed to assist him completing grievance forms. In an affidavit filed in response to defendants' motions for summary judgment, plaintiff identified two MDOC employees who denied him assistance in completing grievance forms, Corrections Officer (CO) Jackson and ARUS D. Kelly. According to plaintiff he asked both of them to help with filling out the grievance form. CO Jackson refused, stating words to the effect that "[i]t's not my responsibility, go ask ARUS D. Kelly to help you." Thomson Aff. at ¶¶ 1-2 (docket no. 45). ARUS D. Kelly also refused, stating words to the effect that "[s]ign up for the legal writer program" and "I don't do that." *Id.* at ¶ 3. Neither CO Jackson nor ARUS D. Kelly are parties to this litigation.

bureaucratic delays to the authorization of medical care (8th Amendment violation); ADA violation for failure to provide plaintiff with auxiliary aids and services necessary to fulfill his exhaustion requirements prior to filing this action; violation of "his 1st Amendment and 6th and 14th Amendment Due Process and Confrontation rights when the M.D.O.C., failed to provide any accommodation for his sight disability . . . [which] jeopardized his access to, and full participation in, the grievance system"; the Van Buren County Jail's policy of transferring prisoners who require obvious medical care to the MDOC exhibited deliberate indifference to plaintiff's serious medical needs; Van Buren County "failed to adequately train police officers and medical personnel in determining whether detainees needed immediate medical care"; negligence under Michigan law; and a state tort of reckless and callous disregard to plaintiff. *Id.* at pp. 9-14.[3] Plaintiff seeks compensatory and exemplary damages in excess of $1,000,000.00. *Id.* at pp. 14-15.

## II. Defendants motions for summary judgment

### A. Legal Standard

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 further provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by":

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or

---

[3] The court notes that plaintiff did not name the MDOC as a defendant in this action. Nevertheless, his amended complaint includes a number of allegations against this non-party (e.g., the MDOC caused bureaucratic delays in his treatment, the MDOC violated plaintiff's rights under the ADA, and the MDOC has a policy of violating prisoners' constitutional rights when transferring them to different facilities).

> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

In *Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995), the court set forth the parties' burden of proof in deciding a motion for summary judgment:

> The moving party bears the initial burden of establishing an absence of evidence to support the nonmoving party's case. Once the moving party has met its burden of production, the nonmoving party cannot rest on its pleadings, but must present significant probative evidence in support of the complaint to defeat the motion for summary judgment. The mere existence of a scintilla of evidence to support plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff.

*Copeland*, 57 F.3d at 478-79 (citations omitted). "In deciding a motion for summary judgment, the court views the factual evidence and draws all reasonable inferences in favor of the nonmoving party." *McLean v. 988011 Ontario Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000).

### B. Defendants RN Deeren, RN LaBarre and Administrative Assistant Jones

Plaintiff seeks relief against these defendants pursuant to 42 U.S.C. § 1983, which confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Burnett v. Grattan*, 468 U.S. 42, 45 n. 2 (1984); *Stack v. Killian*, 96 F.3d 159, 161 (6th Cir.1996). To state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that the defendant deprived him of this federal right under color of law. *Jones v. Duncan*, 840 F.2d 359, 360-61 (6th Cir. 1988); 42 U.S.C. § 1983.

Plaintiff's claims against defendants RN Deeren, RN LaBarre and Administrative Assistant Jones arise from their actions in responding to his grievances. Plaintiff alleged that RN Deeren was a Step I respondent to grievance nos. 451 and 1827; that RN LaBarre was a Step I reviewer of grievance nos. 451 and 1827; and that Administrative Assistant Jones denied the Step II appeal of grievance no. 451. *Id.* at pp. 6-8. *See* Grievance Nos. 451 and 1827 (docket nos. 22-1 and 22-2). Plaintiff claims that these three defendants, RN Deeren, RN LaBarre and Administrative Assistant Jones, were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment.

It is well established that an inmate has a cause of action under § 1983 against prison officials for "deliberate indifference" to his serious medical needs, since the same constitutes cruel and unusual punishment proscribed by the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97 (1976). A viable Eighth Amendment claim consists of an objective and a subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). A court considering a prisoner's Eighth Amendment claim must ask both if the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and if the officials acted with a sufficiently culpable state of mind. *Hudson v. McMillian*, 503 U.S. 1, 8 (1992).

The objective component requires the infliction of serious pain or failure to treat a serious medical condition. *Hudson*, 503 U.S. at 8-9. With respect to the infliction of serious pain, courts recognize that "[b]ecause routine discomfort is part of the penalty that criminal offenders pay for their offenses against society, only those deprivations denying the minimal civilized measure of life's necessities are sufficiently grave to form the basis of an Eighth Amendment violation." *Id.* at 8 (internal citations and quotation marks omitted). Similarly, "[b]ecause society does not expect

6

that prisoners will have unqualified access to health care, deliberate indifference to medical needs amounts to an Eighth Amendment violation only if those needs are 'serious.'" *Id.* at 9.

The subjective component requires that the defendant act with deliberate indifference to an inmate's health or safety. *See Wilson v. Seiter*, 501 U.S. 294, 302-03 (1991). To establish the subjective component, the plaintiff must show that "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer*, 511 U.S. at 837. Mere negligence in diagnosing or treating a medical condition does not constitute an Eighth Amendment violation. *Id.* at 835. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishment Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Plaintiff's claims against defendants RN Deeren, RN LaBarre and Administrative Assistant Jones are without merit. None of these defendants provided plaintiff with medical care. Plaintiff's only allegations against these three defendants are that they responded to a Step I grievance, reviewed a Step I grievance or denied a Step II grievance on appeal. Amend. Compl. at pp. 6-8. A prison official whose only role involved the denial of an administrative grievance cannot be liable under § 1983. *Shehee v. Luttrell*, 199 F.3d 295, 300 (6th Cir. 1999). "The mere denial of a prisoner's grievance states no claim of constitutional dimension." *Alder v. Correctional Medical Services*, 73 Fed. Appx. 839, 841 (6th Cir. 2003). *See Martin v. Harvey*, 14 Fed. Appx. 307, 309 (6th Cir. 2001) (observing that the denial of an appeal of a grievance complaining of inadequate medical care is not the same as the actual denial of a request to receive medical care). Accordingly,

the motion for summary judgment filed by RN LaBarre (docket no. 26), and the motion for summary judgment filed by RN Deeren and Administrative Assistant Jones (docket no. 38) should be granted.[4]

### C. Defendant Corizon, Inc. f/k/a CMS

Defendant CMS moves for summary judgment on the ground that it was not involved in providing plaintiff medical service. In support of its motion, Corizon, Inc. has provided the affidavit of Joy Lloyd, its Vice President of Operations, who stated that: CMS provided certain health care services to MDOC prisoners pursuant a contract between CMS and the State of Michigan that; that the contract ended on March 31, 2009; and that CMS was no longer responsible to provide health care services to MDOC prisoners after that date. Joy Lloyd Aff. at ¶¶ 1-7 (docket no. 34-2). Here, the alleged acts giving rise to plaintiff's claim commenced on March 20, 2010, nearly one year after CMS' contract with the State of Michigan ended. At that time, CMS was not responsible to provide healthcare to MDOC prisoners. Plaintiff did not file a response to CMS' motion, Rather, he acknowledged that he mistakenly included CMS as a defendant and filed a motion to voluntarily dismiss CMS and to replace it with defendants identified as "MDOC & Agents." *See* Motion and Brief (docket nos. 46 and 47). There is no evidence that CMS had any involvement in the matters alleged by plaintiff. Accordingly, CMS' motion for summary judgment (docket no. 34) should be granted.

---

[4] The court notes that defendant RN LaBarre did not raise the argument that she was merely a grievance reviewer, having moved for summary judgment on grounds of lack of exhaustion. However, because plaintiff's amended complaint failed to state a claim for relief against RN LaBarre, the court should grant her motion for summary judgment on that ground. *See* Fed. R. Civ. P. 56(f) (Judgment independent of the motion).

### III. Plaintiff's combined motion to voluntarily dismiss defendant CMS and to amend the complaint

Plaintiff has filed a combined motion consisting of two parts: a motion to voluntarily dismiss CMS as a defendant in this action; and, a motion to amend his complaint to substitute other defendants in the place of CMS.

#### A. Motion to voluntarily dismiss CMS

First, plaintiff seeks to voluntarily dismiss CMS as a defendant in this action. It is unnecessary to address this motion because CMS is entitled to summary judgment. Accordingly, plaintiff's motion for voluntary dismissal (docket no. 46) should be denied.

#### B. Motion to amend

Second, plaintiff seeks to amend the amended complaint to replace CMS with a defendant identified as "MDOC & Agents". Plaintiff is proceeding under Fed. R. Civ. P. 15(a), which provides that a party may amend its pleading "only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." Here, justice does not require this vague amendment to the complaint. Plaintiff has not submitted a proposed amended complaint. His motion, which seeks to insert "MDOC & Agents" as defendants in this action, with no further allegations, is patently deficient. Accordingly, plaintiff's motion to amend to add the "MDOC & Agents" (docket no. 46) should be denied.

### III. Recommendation

For the reasons set forth above, I respectfully recommend that the motions for summary judgment filed by defendant Labarre (docket no. 26), defendant Corizon, Inc. (f/k/a/ CMS) (docket no. 34), and defendants Deeren and Jones (docket no. 38) be **GRANTED** and that they be **DISMISSED** from this action.

I further recommend that plaintiff's combined motion to voluntarily dismiss defendant Corizon, Inc. and to amend the amended complaint (docket no. 46) be **DENIED**.


Dated: February 19, 2013                                /s/ Hugh W. Brenneman, Jr.
                                                        HUGH W. BRENNEMAN, JR.
                                                        United States Magistrate Judge


ANY OBJECTIONS to this Report and Recommendation must be served and filed with the Clerk of the Court within fourteen (14) days after service of the report. All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b). Failure to serve and file written objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).