UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

PETER THOMSON,

      Plaintiff,

v.

                                    Case No. 1:11-CV-1287
                                    HON. GORDON J. QUIST

ALFRED JONES, et al.,

      Defendants.

_____/

**MEMORANDUM ORDER ADOPTING REPORT AND RECOMMENDATION**

On February 19, 2013, Magistrate Judge Hugh W. Brenneman, Jr. issued a Report and Recommendation (R & R) (docket no. 70) recommending that this Court grant (1) Defendant Labarre's Motion for Summary Judgment (docket no. 26), (2) Defendant Corizon, Inc.'s (CMS) motion to dismiss or motion for summary judgment (docket no. 34), and (3) Defendants Deeren and Jones's motion to dismiss or motion for summary judgment (docket no. 38), and deny Plaintiff's motion for voluntary dismissal of Defendant CMS and replacement of CMS with "MDOC & Agents" as a defendant (docket no. 46). Plaintiff has filed a timely Objection to the R & R. When a party properly objects to any part of a magistrate judge's proposed disposition, this Court must review the disposition *de novo*. Fed. R. Civ. P. 72(b)(3). After conducting a *de novo* review of the R & R, Plaintiff's Objection, and the pertinent portions of the record, the Court concludes that the R & R should be adopted as the opinion of this Court.

In response to the R & R, Plaintiff makes two objections. Plaintiff first objects generally to the magistrate judge's recommendation that this Court grant summary judgment in favor of Defendants Lebarre, Deeren, and Jones. In support of his argument, Plaintiff restates his factual allegations and cites case law regarding Eighth Amendment claims for deliberate indifference to serious medical needs. However, Plaintiff does not make a specific objection to the basis of the R & R's recommendation—namely that "none of these defendants provided plaintiff with medical

care." (R & R, Docket no. 70, Page ID 488.) The Sixth Circuit has held that "a general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)); *see also* Fed. R. Civ. P. 72(b)(2) (requiring "specific written objections to the proposed findings and recommendations"). Absent a specific objection to the basis of the R & R's recommendation related to Defendants Lebarre, Deeren, and Jones, the Court will adopt the R & R's recommendation as the opinion of the Court.

Plaintiff's second objection is to the magistrate judge's recommendation that this Court deny plaintiff's motion to substitute "MDOC & Agents" as a defendant in place of CMS (docket no. 46).[1] The magistrate judge observed that Plaintiff has failed to submit a proposed amended complaint and "justice does not require this vague amendment to the complaint." (R & R, Docket no. 70, Page ID 490.) Plaintiff argues in his motion and Objection that he named CMS in a good faith effort to identify the appropriate defendant to his claim, and he made efforts prior to filing his Complaint to identify the correct defendant but could not do so.

Amendments to pleadings are governed by the Federal Rules of Civil Procedure. Rule 15(a) addresses amendments to pleadings before trial. "Under Rule 15(a)(1), a party may amend the complaint once as a matter of course before being served with a responsive pleading." *Broyles v. Correctional Medical Serv., Inc.*, No. 08-1638, 2009 WL 3154241, at *3 (6th Cir.2009). The Sixth Circuit has described this Rule as giving plaintiffs an "absolute right to amend." *Pertuso v. Ford*

---

[1] Plaintiff does not object to the R & R's recommendation that the Court deny Plaintiff's motion to voluntarily dismiss CMS because CMS is entitled to summary judgment.

2

*Motor Credit Co.*, 233 F.3d 417, 420 (6th Cir.2000). However, where a responsive pleading has been filed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Although the "court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), leave to amend may be denied for: (1) undue delay, (2) lack of notice to the opposing party, (3) bad faith, (4) repeated failure to cure in prior amendments, (5) prejudice to the opposing party, or (6) futility of the amendment. *Foman v. Davis,* 371 U.S. 178, 182, 83 S. Ct. 227, 230 (1962); *Perkins v. American Elec. Power Fuel Supply, Inc.,* 246 F.3d 593, 605 (6th Cir. 2001). "Amendment of a complaint is futile when the proposed amendment would not permit the complaint to survive a motion to dismiss." *Miller v. Calhoun Cnty.*, 408 F.3d 803, 817 (6th Cir. 2005).

Here, a responsive pleading has already been filed by Defendants. Therefore, Plaintiff is not entitled to an absolute right to amend under Rule 15(a)(1), and the Court must consider whether to allow Plaintiff to amend under Rule 15(a)(2). Defendant proposes to name as a defendant "MDOC & Agents," which the Court interprets to mean the MDOC as an entity. However, alleging a § 1983 claim against MDOC as a defendant would not survive a motion to dismiss, rendering Plaintiff's motion to amend futile.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98–101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*,

803 F.2d 874, 877 (6th Cir. 1986). In numerous unpublished opinions, the Sixth Circuit has specifically held that the MDOC is absolutely immune from suit under the Eleventh Amendment. *See, e.g.*, *McCoy v. Michigan*, 369 F. App'x 646, 653–54 (6th Cir. 2010); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *2 (6th Cir. Nov. 1, 2000). Moreover, the State of Michigan (acting through the Michigan Department of Corrections) is not a "person" who may be sued under § 1983 for money damages. *See Lapides v. Bd. of Regents*, 535 U.S. 613, 617, 122 S. Ct. 1640, 1643 (2002) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65–66, 109 S. Ct. 2304, 2309 (1989)). Therefore, the Court will adopt the R & R's recommendation that the Court deny Plaintiff's motion to substitute MDOC as a defendant. Therefore,

**IT IS HEREBY ORDERED** that the magistrate judge's Report and Recommendation (docket no. 70) is **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that Plaintiff's Objection (docket no. 71) is **OVERRULED**.

**IT IS FURTHER ORDERED** that Defendant Labarre's motion for summary judgment (docket no. 26) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants Deeren and Jones's motion to dismiss or motion for summary judgment (docket no. 38) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendant Corizon, Inc.'s (CMS) motion to dismiss or motion for summary judgment (docket no. 34) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion to amend (docket no. 46) is **DENIED**.

Dated: March 22, 2013 /s/ Gordon J. Quist
GORDON J. QUIST
UNITED STATES DISTRICT JUDGE